MIKULA, APPELLEE, v. BALOGH, APPELLANT.

[Cite as Mikula v. Balogh, 9 Ohio App. 2d 250.]

(No. 2828—Decided January 20, 1965.)

*Messrs. Baggott & Ernst,* for appellee.
*Messrs. Altick & McDaniel,* for appellant.

CRAWFORD, J. Defendant, appellant herein, appeals a verdict and judgment against her for $20,000 recovered by the plaintiff, appellee herein, for personal injuries.

The petition alleged that on February 20, 1960, at about 11:30 p. m. plaintiff was a passenger in an automobile parked off the highway at a gasoline pump in front of 2506 Old Troy Pike when the defendant drove her automobile off the highway and into the rear of the one occupied by plaintiff, severely injuring her, and that the injuries are permanent. It also alleges necessary and reasonable medical and hospital expenses and lost earnings.

The answer admits that a collision occurred between the two automobiles at the time and place alleged. Defendant avers that prior to the collision she had taken certain medicine, that as she proceeded northwardly she suddenly became sleepy and turned to her right to drive off the highway and stop, and that she then became unable to operate the automobile and the collision occurred while she was in that condition. She denies for want of knowledge that plaintiff was injured, incurred expense for treatment and lost wages, and denies generally all other allegations of the petition.

There are eight assignments of error containing many branches and sub-branches.

Assignment of error No. 1 is the admission of certain evidence offered by the plaintiff. Elmer Oren, a witness for plaintiff, testified to the weight of the two Buick automobiles involved in the collision. In giving this testimony he referred to annual books published by the Buick Division of General Motors Corporation and distributed to and used by Buick dealers. This testimony was objected to as hearsay.

Plaintiff responds that such publications dealing with facts rather than opinion and generally accepted in a trade or business form exceptions to the hearsay rule. *Pittsburgh, C., C. & St. L. Ry.* v. *Sheppard*, 56 Ohio St. 68, 60 Am. St. Rep. 732; *Bluebird Baking Co.* v. *McCarthy*, 19 Ohio Law Abs. 466, at p. 470; 21 Ohio Jurisprudence 2d 583, Evidence, Section 567.

The rule excluding hearsay evidence is based upon unreliability of such evidence and the impossibility of cross-examination. Exceptions to the rule are found in cases of necessity or where reliability of the evidence is established. The latter reason supports the admissibility of the evidence here challenged. Furthermore, the evidence is such as is subject to verification. Yet we find in the record no attempt to disprove

it. It was properly admitted, and no prejudice to the defendant is shown.

Plaintiff's witness, Raymond Hieber, is a professor of physics who gave his opinion as to the speed of defendant's automobile, based upon his examination of the physical facts. Defendant objected that violation of speed laws was not charged. However, this evidence was admitted and was admissible, as the court stated, for establishing the severity of the impact and the consequent seriousness of the injury. *Hall* v. *Burkett*, 117 Ohio App. 527, at p. 528. The court's general charge on the speeding statute is not involved at this point.

Defendant claims it was error to admit the evidence as to loss of earnings in excess of the amount pleaded. Evidence is not inadmissible merely because it proves more than is pleaded. However, here there is a question of the admissibility of proof of loss of earnings for a period of time not alleged in the original petition. This was filed on December 13, 1961. It alleged that plaintiff "has lost earnings in the sum of three thousand one hundred sixty-two dollars and sixteen cents ($3,162.16)."

It also specifically alleged hospital and medical expense of $1,082.96 and prayed for judgment in the total sum of $79,573.16.

On May 21, 1962, defendant filed her answer, to which she attached certain interrogatories. On October 9, 1962, plaintiff answered these, including Interrogatory No. 6 which read:

"State the dates on which you were unable to perform your employment as a result of injuries received in the accident described in your petition."

The answer to that question sets forth dates and hours lost from the week ending October 22, 1960, to September 29, 1962, inclusive. On October 31, 1962, plaintiff filed an amended answer to this interrogatory, stating that she had inadvertently failed to set forth the fact that she lost time from work from the date of her injury on February 20, 1960, to October 17, 1960, with a loss of earnings of $3,474.80, making a total loss of earnings of $7,488.84. Then, on October 25, 1963, between the entering of the verdict and the judgment, plaintiff filed an amended petition alleging loss of earnings of $4,491.18, and again prayed for judgment in the same amount as in the original petition, namely, $79,573.16.

Section 2309.45, Revised Code, provides that answers to

interrogatories, so far as they contain competent testimony on the issues made, may be used by either party.

Perhaps a supplemental petition should have been filed before the trial, alleging the entire loss of wages from the time of injury to the time of trial. However, the original petition pleaded loss of wages and permanent injuries. The cause of action was not changed. The court did not exceed its broad power to permit amendments in furtherance of justice as conferred by Section 2309.58, Revised Code, nor commit abuse of discretion. See *Masterson* v. *George F. Alger Co.*, 78 Ohio Law Abs. 89.

Assignment of error No. 2 is the exclusion of evidence offered by the defendant. This consisted of a number of life-expectancy tables and the life expectancy of a female of plaintiff's age as therein set forth.

Plaintiff's counsel had, with the assent of defendant's counsel, stated the average expectancy of a female of plaintiff's age according to the U. S. Life Tables, 1949 to 1951, published by the U. S. Department of Health, Education and Welfare.

Plaintiff objected to the tables offered by the defendant because they were not up to date. He cited 19 Ohio State Law Journal 240.

The court ruled admissible all tables compiled during and after 1940 and excluded others because of recent increases in female life expectancy.

The court's ruling was reasonable and not prejudicial to the defendant.

Assignment of error No. 3 challenges portions of the court's charge.

(a) The jury was instructed that plaintiff claimed compensation for hospital and medical care, drugs and orthopedic appliances. It is objected that these are not recoverable by plaintiff, a married woman, unless paid for or obligated to be paid for out of her own separate property.

The charge clearly stated the conditions upon which such items are recoverable. There is ample evidence that plaintiff was employed and enjoyed her separate income, and that she individually paid these obligations. There was opportunity for cross-examination. We believe the evidence is sufficient to submit the question to the jury.

(b) The court instructed the jury that plaintiff claimed

defendant was negligent in that, having taken sedative medication one to three and a half hours before the collision, she then drove the automobile, did not and was unable to keep a lookout ahead, left the black-top portion of the highway, and operated the automobile at a speed greater than was reasonable and proper in view of the medication, and instructed them to consider whether she could reasonably have foreseen that the medication would affect her ability to stop within the assured clear distance ahead.

Defendant argues that those issues were not in the case because not pleaded in the petition.

Plaintiff's allegations of negligence are general. They state simply that "defendant drove her automobile off the highway and into the rear end of the automobile occupied by the plaintiff." There are no specifications of negligence. There was no motion to have the petition made definite and certain in respect to specific elements of negligence. Proof of any negligence within the general scope of the allegation was competent. Evidence on these various subjects being in the case, the charge was proper. 39 Ohio Jurisprudence 2d 761, Negligence, Section 163.

(c) The defendant by her answer injected into the case the subject of medication. If the results were foreseeable, the taking of the medicine and thereafter driving the automobile are similar to voluntary intoxication before such activity.

The charge properly covered this subject, concluding with these words: "In this action she [defendant] is chargeable with knowledge of the fact that an automobile being operated on the public road is a dangerous instrumentality when not under the control of the operator." This is not a statement that the automoible is a dangerous instrument per se, but is in harmony with the authorities cited by the defendant.

There is some complaint that the court failed to charge on the law of sudden seizure or attack of unconsciousness. Such alleged failure was not called to the court's attention at the close of the charge. Furthermore, we do not believe that the evidence would have justified it. Defendant testified that she became drowsy and drove off the road. There is also evidence that after the collision she continued to operate the automobile and drove away.

(d) The instruction that the jury could not compensate

plaintiff for any pre-existing ailment unless there was aggravation thereof caused directly by the collision could not be prejudicial to the defendant. If, as defendant claims, there was no pre-existing ailment, any suggestion that there might have been, would have a natural tendency to diminish rather than to increase damages by removing from the jury's consideration any such possible element.

Defendant claims that the charge invaded the province of the jury by setting forth a mathematical method of computing plaintiff's loss of earnings. We do not find the charge subject to this objection.

It appears that before the accident plaintiff did not work all the hours available to her for work. The jury was instructed that they should "take into consideration" the percentage of available time not worked prior to the accident. As to the time subsequent to the accident, they were instructed to consider the probable percentage of available time she would not have worked if she had not been injured, the time actually worked, the time available to her, and the available time she would have worked but could not because of the injury.

That was a somewhat intricate question. The court properly and helpfully pointed out the considerations to be taken into account in answering it. The court bound them to no formula and suggested no answer. The instruction was eminently fair to both parties.

Assignment of error No. 4 complains of the court's refusal to give five special instructions requested by defendant before argument.

The first request would have limited damages for loss of earnings to the amount sought in the original petition. As observed above, the cause of action was not changed by the amended petition, nor was the total amount prayed for increased.

This subject was touched upon in our discussion of the third branch of assignment of error No. 1. The amount of recovery for this item cannot be so limited. See, again, *Masterson* v. *George F. Alger Co.*, 78 Ohio Law Abs. 89.

The second, third and fourth requests for special charges, if given, would have excused the defendant if she proved by a preponderance of the evidence a sudden loss of consciousness,

or that she was suddenly or unforeseeably stricken, without reason to anticipate being stricken.

Those requests omit all question of defendant's negligence in undertaking to drive after taking the medication. Also, the evidence does not indicate a blackout or sudden loss of consciousness. After admitting the taking of the medication prescribed for her husband, such as she had taken before, defendant testified:

"When I started out to go back, as I got about half way home, I felt myself get too relaxed, and my eyes started to get blurred, and as you see the car lights coming towards you, even they got blurred, so I thought I had better pull off the side of the road before I killed someone or have a serious accident. I remember pulling off and remember a bump and that's it, and I don't remember anything else until the deputy sheriff woke me up and asked me if I was hurt."

The fifth request, if given, would have eliminated recovery for medical expenses. This subject has been previously discussed under assignment of error No. 3 (a).

Assignment of error No. 5 complains of the court's allowing and giving two special instructions requested by plaintiff before argument.

The first instruction was to the effect that, if defendant was guilty of negligence which proximately caused the collision, this did not constitute an unavoidable accident. It is complained that the court did not explain what an unavoidable accident is.

Negligence and unavoidable accident are mutually exclusive. If the jury found the first, there was no need for them to consider the second. Furthermore, the evidence does not justify a charge upon or definition of unavoidable accident.

The second special instruction given at the request of plaintiff defined the terms "unforeseen" and "unforeseeability." It is objected only that this charge is incomplete in that it does not define foreseeability in connection with a negligent act or with the defense of suddenly being stricken or blacking out.

That being a correct statement of law applicable to the evidence, we know of no requirement that the court set forth the specific application.

Assignments of error Nos. 6 and 7, briefed together, complain (6) of misconduct of plaintiff's attorney, and (7) of excessive damages appearing to have been given under the influence of passion or prejudice.

Eleven different remarks, questions or comments of counsel for plaintiff are complained of. This was a prolonged and strenuously contested case. If there are instances of exuberance of counsel, or words spoken in the heat of contest, they must be considered in the light of the whole case. Defendant's counsel apparently did not consider any of them sufficiently grave to request a mistrial. When objections were made they were adequately dealt with by the court. There is no indication that the defendant was prejudiced.

Plaintiff, while testifying, made two references to her husband's ill health. Only one of these was objected to. The other was a comment incidental to the principal subject being testified to. Objection to it was sustained, and the jury instructed to disregard it. We cannot say that defendant was prejudiced.

The verdict was for $20,000, which does not appear unreasonable for the painful and crippling injuries sustained by this plaintiff who was between forty-five and forty-six years of age, employed at the time of the injury, married and the mother of five living children. It is not so large as to indicate passion and prejudice. Nor do we find any other indication of such influences.

Assignment of error No. 8 is the overruling of defendant's motion for new trial and brings before us no additional questions.

No error prejudicial to the defendant appearing in the record, the judgment will be affirmed.

*Judgment affirmed.*

Kerns, P. J., and Sherer, J., concur.