## Richmond

THOMAS ELMO LEWIS v. COMMONWEALTH OF VIRGINIA.

March 8, 1971.

Record No. 7433.

Present, All the Justices.

*Harry L. Thompson* (*Minor, Thompson, Savage, Smithers & Benedetti,* on brief), for plaintiff in error.

*William T. Lehner, Assistant Attorney General* (*Andrew P. Miller, Attorney General,* on brief), for defendant in error.

COCHRAN, J., delivered the opinion of the court.

Thomas Elmo Lewis was tried by the court and found guilty of

involuntary manslaughter. From the judgment order sentencing him to the Bureau of Corrections Field Unit for a period of 12 months we granted him a writ of error.

The sole question is whether the evidence was sufficient to sustain the conviction.

Shortly after 5:00 p.m. on Saturday, May 17, 1969, a 1968 Volkswagen being operated by Lewis in a westerly direction on West Broad Street in the City of Richmond struck and fatally injured a pedestrian, Buck Burchett. Lewis did not stop after the accident. The next day he turned himself in to the police and subsequently pleaded guilty to the charge of failing to stop and render aid to the injured man. He pleaded not guilty to the charge of involuntary manslaughter. Both indictments were tried together, and the court withheld imposition of sentence on the "hit-and-run" conviction for a period of five years.

The investigating officers testified that they found a "blood clot" or "blood spot" in the center lane of the three westbound lanes of Broad Street about 12 feet west of Sauer Avenue but could not otherwise determine where the accident had occurred.

Photographs of the scene, introduced in evidence, showed that Broad Street was divided by a median strip separating the three westbound lanes from the three eastbound lanes. Opposite Sauer Avenue, which intersected only the south side of Broad Street, was an opening in the median strip for turning traffic. There were neither pedestrian crosswalks nor traffic lights on Broad Street at Sauer Avenue.

The medical report revealed that Burchett was dead on arrival at 5:30 p.m. at the Medical College of Virginia Hospital from multiple injuries and that his blood alcohol content by weight was 0.26%.

The only eyewitnesses who testified for the Commonwealth were Robert Saunders, age 14, and Susie Humphries, age 12, both residents of the Virginia Methodist Children's Home on West Broad Street.

Saunders' relevant testimony may be summarized as follows:

While walking west on the north side of Broad Street and looking at three girls who were on the opposite side of the street in the block west of Sauer he first saw the pedestrian crossing the sidewalk in front of him. Saunders next looked at him when the man was in the right-hand westbound lane of Broad Street, and again, just before the accident, when he was one or two feet "west of the intersection" with Sauer and "out of the crosswalk" if one had been there, going towards the median strip. He noticed nothing unusual about the man's walking.

The pedestrian was carrying a large bag of groceries in his left arm which would have blocked his view to the left if he had looked in that direction. He was in the center lane one step from the left-hand westbound lane of Broad when he stopped for 10 or 15 seconds and was struck by the "right front side" of the Volkswagen coming from his left. Saunders never saw the car before it struck the man. After the accident the victim was lying 9 or 10 feet west of the point of collision.

Susie Humphries testified that she was walking east with two other girls on the sidewalk on the south side of Broad in the middle of the block west of Sauer. She first saw the pedestrian in the "next to the last" westbound lane on Broad "going on a slant up towards us". When struck by the car he was one step from the "last lane". She could not see whether the man fell where he was struck, but she did notice cars passing by him in the street after he had fallen.

Photographs of the Lewis car, taken the day after the accident, showed damage to the right side of the windshield, right front fender and right door.

Lewis testified that he was driving between 25 and 35 miles per hour in the left-hand westbound lane, the speed limit being 35 miles per hour, when he first saw the pedestrian some 30 yards away standing in the median strip about 15 feet west of Sauer. According to Lewis he and the man looked at each other and when the Volkswagen was two or three feet from him the victim "lunged forward" across it and "went over the right-hand side of the car".

Lewis further stated that he had no opportunity to apply his brakes before the collision, that he "panicked" after the accident and drove on without stopping, and that there was no other traffic at the time. His testimony was uncontradicted that he had had nothing to drink on the day of the accident.

After we have resolved all conflicts in evidence against Lewis, we nevertheless find the evidence insufficient to sustain his conviction for involuntary manslaughter.

■ We have often approved the definition of involuntary manslaughter as "the killing of one accidentally, contrary to the intention of the parties, in the prosecution of some unlawful, but not felonious, act; or in the improper performance of a lawful act". *Mundy* v. *Commonwealth*, 144 Va. 609, 615, 131 S. E. 242, 244 (1926); *Fadely* v. *Commonwealth*, 208 Va. 198, 202, 156 S. E. 2d 773, 776 (1967).

[■ It is the contention of the Commonwealth that the evidence

is sufficient to convict Lewis under either part of this definition. The unlawful act relied upon is his alleged violation of the intersection statute (Code § 46.1-231(c)), which requires a driver entering an intersection to change course, slow down or stop "if necessary to permit pedestrians to cross such intersection[s] safely and expeditiously". But the evidence does not support the contention that this statute is applicable. Burchett was west of the opening in the median strip; he was not crossing an intersection.

The Commonwealth argues, however, that even if Lewis was not operating his car unlawfully in violation of a specific statute he was guilty of involuntary manslaughter because of gross and culpable negligence. We disagree.

In order to constitute criminal negligence there must be a higher degree of negligence than is required in a civil proceeding. There must be more than the lack of ordinary care. The negligence must be of such reckless, wanton or flagrant nature as to indicate a callous disregard for human life and of the probable consequences of the act. *Goodman* v. *Commonwealth*, 153 Va. 943, 952, 151 S. E. 168, 171 (1930). *See Richardson* v. *Commonwealth*, 192 Va. 55, 57, 63 S. E. 2d 731, 732 (1951); *Bell* v. *Commonwealth*, 170 Va. 597, 611, 195 S. E. 675, 681 (1938); *Annotation*, 99 A.L.R. 756, 829.

All that the record here discloses is that Lewis failed to keep a proper lookout. There is no evidence of speeding, drinking or recklessness in the operation of his car at the time of the accident. We do not even know how far ahead Lewis could or should have seen Burchett, for the record is silent as to the nature and extent of the view.

While Lewis' conduct after the accident was cowardly and reprehensible, we are not here concerned with that separate offense. *See Henson* v. *Commonwealth*, 165 Va. 829, 183 S. E. 438 (1936). His flight does not prove prior gross and culpable negligence proximately causing the accident.

We have never held that mere failure to keep a proper lookout constitutes criminal negligence. In *Albert* v. *Commonwealth*, 181 Va. 894, 27 S. E. 2d 177 (1943), an involuntary manslaughter conviction was upheld where a pedestrian on a bridge, who could be clearly seen for 400 feet, was killed by a drinking driver operating a car with defective brakes. And in *Zirkle* v. *Commonwealth*, 189 Va. 862, 55 S. E. 2d 24 (1949), reversed on other grounds, evidence that the driver, with an unobstructed view for 1000 feet, "zigzagged" across the road and collided with another vehicle on the wrong side of the highway

was held sufficient to convict him of involuntary manslaughter. *See also Wade* v. *Commonwealth,* 202 Va. 117, 116 S. E. 2d 99 (1960).

The two Virginia cases which the Commonwealth relies upon, *Lawrence* v. *Commonwealth,* 181 Va. 582, 26 S. E. 2d 54 (1943), and *Bell* v. *Commonwealth, supra,* follow the same pattern. The evidence in each case proved failure to maintain a proper lookout aggravated by other acts of negligence.

We do not suggest that failure to maintain a proper lookout may never constitute criminal negligence. But we conclude that the evidence of such failure in the record before us has established only ordinary negligence which is insufficient to convict Lewis of involuntary manslaughter.

The case is remanded for a new trial, if the Commonwealth be so advised.

*Reversed and remanded.*