THE STATE OF OHIO, APPELLEE, v. MESSENGER, APPELLANT.

(No. 7856—Decided February 18, 1976.)

Mr. Stephan M. Gabalac, prosecuting attorney, and Mr. Carl M. Layman, for appellee.
Mr. H. Paul Collins, for appellant.

MAHONEY, J. This is an appeal from jury trial convictions for felonious assault under R. C. 2903.11(A)(2) and abduction, under R. C. 2905.02(A)(2).

The defendant, Vincent Messenger, assigns the following as error:

"1. The trial court erred in refusing to dismiss charges against appellant where no delay occasioned by the defendant himself appears of record and the State failed to bring the defendant to trial within the time period prescribed by Section 2945.71(C)(2) and Section 2945.71(D) Ohio Revised Code.

"2. The trial court committed prejudicial error by failing to sustain defendant's timely motion to exclude the testimony of Deputy Dick Warren from the State's case in chief on the grounds that the State has a continuing duty of disclosure after an accused has made a timely re-

quest and motion for discovery pursuant to Rule 16 of the Ohio Rules of Criminal Procedure."

## Facts in Chronological Order

1. January 8, 1975: Offenses occurred.

2. January 8, 1975: Defendant arrested for felonious assault and lodged in county jail and a parole holder filed.

3. January 10, 1975: Defendant waives his right to have *preliminary hearing* within time period provided in R. C. 2945.71 and consented to a reasonable continuance requested by the prosecution of his case. Defendant found indigent and Attorney Harold Parker appointed.

4. January 21, 1975: Parole holder order lifted.

5. January 22, 1975: Preliminary hearing waived; defendant bound over to Grand Jury; and bond set at $5,000.

6. March 17, 1975: Indictment for felonious assault and abduction returned.

7. March 28, 1975: Arraignment held and pleas of not guilty entered. Defendant and counsel (Parker) present.

March 28, 1975: Court granted request by prosecuting attorney for two weeks time to accomplish psycho-diagnostic evaluation. Court set pretrial for April 11, 1975. Defense requested that a trial date not be set pending outcome of tests.

8. April 11, 1975: Pre-trial hearing held and trial set for May 20, 1975.

9. April 25, 1975: Attorney Parker in court on motion to withdraw and Attorney James Merlitti appointed for defendant.

10. April 29, 1975: Formal entry filed showing a motion filed by Attorney Parker was granted, permitting him to withdraw as counsel for defendant.

11. May 14, 1975: Journal entry filed appointing Merlitti.

12. May 20, 1975: Scheduled trial not held. No reason stated.

13. June 23, 1975: Attorney Collins retained by defendant.

14. July 3, 1975: Defense moved through new attor-

ney, Paul Collins, for motion for discovery and psychiatric exam of prosecuting witness.

15. July 9, 1975: Motion by prosecution for discovery.

16. July 14, 1975: Case proceeded to trial after defendant's motion for dismissal for lack of a speedy trial was overruled.

The transcript of proceedings shows the following statements by Attorney Parker at the arraignment hearing on March 28, 1975:

"* * * At this time, Your Honor, we would like to enter a plea of not guilty, reserving the right in the future to either withdraw that plea or to enter another plea, depending upon the results of some studies that are about to be made in the immediate future. Because of that and because of the fact that some studies will require some time, *I would like not to ask for a trial at this time* and I would also like to ask that pretrial hearing be set perhaps three weeks away. Mr. Senne, the Assistant Prosecutor, and I have discussed some of the circumstances surrounding this defendant and *we have agreed that, perhaps, the studies should be made* and, until such time as the determination is made from those studies, *I am not at liberty to determine finally what plea might be entered in this cause.* (Emphasis supplied.)

"Mr. Senne: Your Honor, regarding the psycho-diagnostic clinic evaluation in this case, it was requested approximately five days ago, a week ago. I think two weeks from now will give us plenty of time to have that evaluation returned.

"Mr. Parker: I have no desire to delay this cause at all.

"Mr. Senne: We request, Your Honor,—Mr. Messenger is on a parole holder and is currently in jail without bond.

"The Court: Give us a pretrial date two weeks advance.

"Bill: April 11th at 1:45.

"Mr. Parker: *Your Honor, in the event the studies have not been completed, we may have a continuance?* (Emphasis supplied.)

"The Court: Oh, no question about that.

"Mr. Parker: Thank you, your Honor."

The transcript of the proceedings of the trial and the colloquy between the court and counsel at the hearing on the defense motion for a dismissal for the lack of a speedy trial reveals th following:

"The Court: Counselor is aware that we have now been through about four attorneys in this and continuances were granted for that purpose. * * *

"Mr. Collins: Well, Your Honor, the indictment alleges that this occurred on the 8th day of January, 1975. * * *"

"The Court: Under the structure of the file, as I see it, in view of the involved psychiatric hearings and etc., motion is denied. Note exceptions, please. * * *"

### Assignment of Error 2

The transcript of proceedings shows that at the time of the hearing on the defense motion, defense counsel acknowledged that he had received notice of the witness' name on the day before trial. The prosecutor stated, and the court obviously accepted his statement, that the witness just became known to the prosecution as a result of a new investigation conducted by a prosecutor who was newly assigned to the case and such investigation was subsequent to the prosecutor's response to the discovery motion. After the court overruled his motion to exclude the witness, the defendant still proceeded to trial without requesting a continuance. Prior to trial, he was advised of what the witness would testify to and that the witness was an available deputy sheriff. We find that the court did not abuse its discretion under Crim. R. 16 and properly refrained from imposing any sanction. The defendant, whose motion for discovery was not timely filed, did not request a continuance and has not demonstrated any prejudice to himself by not having the name of the witness sooner. If there was any prejudice, it was waived.

### Assignment of Error 1

It is apparent that the defendant was not afforded a trial within the 90 days required by R. C. 2945.71. A study of the transcript of proceedings and the chronology of events leads to the conclusion that the time within which the defendant should have been brought to trial was extended on one or more occasions for one or more of the reasons

set forth under R. C. 2945.72 (A through H). We are unable
to ascertain the effect of the parole holder or psychiatric
examinations from the state of the record before us. In
fact, there is an absence of any documents in the record per-
taining to a parole holder or psychiatric report. We, like-
wise, are unable to ascertain the effect of having four dif-
ferent defense attorneys upon the trial date. We do know
the "whys and wherefores" of their appointment, and/
or hiring, and/or firing, and, indeed, whether it affected
the trial date. Additionally, this question arises: What is
the effect of the defendant's waiver of the time requirements
on the preliminary hearing? We cannot determine from
the record whether the first trial date of May 20 was agreed
to by counsel. Further, we cannot find anything in the
record to show why the trial was not had on that date,
except the inference that new counsel was appointed and
may have needed time to prepare his case.

We must commiserate with trial judges who are in a
dilemma since the amendments of R. C. 2945.71 and 2945.73
were passed, on January 1, 1974, which concern the proce-
dure he should follow on a motion to dismiss for lack of a
speedy trial. He is required to enforce the purposes of the
statutes yet he has little or no control over many of the
persons, courts, or agencies whose actions have a direct
bearing on elapsed time between arrest and trial. Generally,
he has no knowledge of the case until the indictment is re-
turned, which in this case was 68 days after the arrest.

We have examined the recent Supreme Court decisions
under these statutes but are unable to find any guidelines
for trial courts on the procedures applicable to this kind of
motion.

Crim. R. 48 (B) provides:

"Dismissal by the court. If the court over objection
of the state dismisses an indictment, information, or com-
plaint, it shall state on the record its findings of fact and
reasons for the dismissal."

We believe the reverse of that rule should also be ap-
plied so that a reviewing court can determine whether a
court has properly refused a motion to dismiss for want of
a speedy trial. Accordingly, this case is remanded to the

trial court for findings of fact. We suggest the following guidelines:

1. That an evidentiary hearing similar to one conducted on a motion to suppress evidence be held;

2. That the defendant have the burden of going forward with the evidence to establish a prima facie case as to the facts of the arrest, incarceration, and total elapsed time;

3. That the overall burden of proof be upon the state to show by a preponderance of the evidence that the defendant was brought to trial within the statutory time, plus any reasonable and proper extensions under R. C. 2945.72, other than hereafter mentioned;

4. That the burden be placed upon the defendant to show the reasonable length of time of any continuances or delays requested by him or caused by his neglect, improper act, or plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

5. That the trial court make findings of fact as to all pertinent matters, including who requested continuances or occasioned delays, and whether they were for a reasonable period of time, and what those periods of time were; and

6. That, as to any action in the case which requires the court to exercise its judgment as to the period of time to be granted (i. e., setting a trial date), sufficient facts and reasons be set forth in the record to support the court's decision.

We overrule the second assignment of error. We remand this case to the trial court to forthwith make findings of fact as to its reasons for overruling the motion to dismiss for lack of a speedy trial. Upon the filing of such findings of fact in this case, each side shall have 15 days to submit briefs and arguments in writing. Upon the receipt of those briefs, the matter will be deemed to be resubmitted to the court upon the first assignment of error only.

*Judgment reversed and cause remanded.*

VICTOR, P. J., and BRENNEMAN, J., concur.