The STATE of Ohio, Appellee,

v.

ARMSTEAD, Appellant.

[Cite as *State v. Armstead* (1993), 85 Ohio App.3d 247.]

Court of Appeals of Ohio,
Allen County.

No. 1–92–35.

Decided Jan. 28, 1993.

248

*David E. Bowers,* Allen County Prosecuting Attorney, and *Gary R. Hermon,* Assistant Prosecuting Attorney, for appellee.

*William H. White,* for appellant.

---

HADLEY, Presiding Judge.

Defendant-appellant, John H. Armstead ("appellant"), appeals from a judgment entered against him in the Allen County Court of Common Pleas finding him guilty of violating R.C. 2925.03(A)(1), aggravated trafficking in drugs within one thousand feet of school premises, and sentencing him to an indefinite term of three to fifteen years. From this judgment entry of conviction, appellant asserts four assignments of error.

## Assignment of Error No. 1

"The trial court erred in limiting defendant/appellant's voir dire examination."

### Assignment of Error No. 2

"The trial court erred in its limitation of defendant/appellant's defense."

We address these assignments together as they both relate to the dismissal of count one of the indictment against appellant. Appellant was originally charged on two counts, both concerning aggravated trafficking in drugs. Count one of the indictment was dismissed immediately prior to the commencement of the jury trial. Appellant attempted to enlighten the jury on this fact during voir dire examination and in his opening statement. Appellant argues that the trial court's failure to permit him to relate this information to the jury prejudiced his defense of the case.

Crim.R. 48(A) permits the prosecutor to dismiss an indictment, whereupon the prosecution of such indictment must terminate. If a court dismisses only one count of a multiple count indictment, the remaining count or counts in the indictment are unaffected and the prosecutor may proceed on such counts. See *Davis v. State* (1869), 19 Ohio St. 270.

Generally, the scope of voir dire examination and remarks made during counsel's opening statement are matters left to the sound discretion of the trial court. *Dowd–Feder, Inc. v. Truesdell* (1936), 130 Ohio St. 530, 5 O.O. 179, 200 N.E. 762; *Maggio v. Cleveland* (1949), 151 Ohio St. 136, 38 O.O. 578, 84 N.E.2d 912. The standard of review for such matters is an abuse of discretion on the part of the trial court.

We find that the trial court did not abuse its discretion in prohibiting defense counsel from alluding to the original two-count indictment in voir dire nor in prohibiting defense counsel from raising the same issue in his opening statement. First, in regard to the statement during voir dire that appellant was originally charged with two counts in the indictment, there is no record of the discussion concerning this statement, although there was possibly a discussion out of hearing of the jury and not made part of the record. In order for us to resolve this assignment, we need to have the discussion of the statement in the record before us, and in the absence of this discussion, we must assume the validity of the proceedings in the trial court and overrule this assignment of error. *Rinehart v. Maiorano* (1991), 76 Ohio App.3d 413, 602 N.E.2d 340.

Second, in regard to the statement made during his opening remarks concerning the same issue, defense counsel stated that the only reason he wanted to mention that another count was brought against appellant was because the original indictment named the wrong defendant ("Henry R. Armstead"). He intended to use this to present a defense of "mistaken identity." However, defense counsel admitted during the sidebar after the prosecutor's objection to a

referral of the original indictment that the naming of the wrong defendant had nothing to do with the identity of defendant, but the wrong name was only a confusion during the service of the warrant. The trial court stated, and we agree, that this had no relevancy to the issues presented at trial. Therefore, the objection by the prosecutor to the reference to the original two count indictment was properly sustained by the trial court.

For the above stated reasons, the first and second assignments of errors are overruled.

### Assignment of Error No. 3

"The trial court erred in allowing unlisted witnesses to testify."

During the course of the trial the prosecutor called two witnesses, Judy Lender and Kenneth Whitney, who were not listed on his witness list. Appellant argues that allowing these witnesses to testify was error.

In regard to the testimony of Whitney, a review of the record indicates that defense counsel asked to approach the bench, but there is no record of the discussion between counsel and the trial judge at this time and there is no objection to Whitney's testimony stated in the trial transcript. Again, in the absence of the relevant portion in the record before us, we must assume the validity of the trial court's ruling. *Rinehart, supra.* Moreover, in the absence of an objection to an alleged error, we need not consider such error. See *State v. Ireson* (1991), 72 Ohio App.3d 235, 594 N.E.2d 165.

Turning to Lender's testimony, we note she testified after the prosecutor presented evidence regarding the boundaries between the school and the place of the alleged drug transaction.[1] During the presentation of testimony by other witnesses [2] concerning the boundaries of the school premises and the ownership of those premises, defense counsel challenged the prosecution's presentation of this evidence. To rebut defense counsel's objections and concerns, the prosecutor summoned Lender, an employee of the Allen County Engineer's Tax Map Office, to testify as to ownership of the premises in question.

Crim.R. 16(B)(1)(e) requires the prosecution to furnish names of witnesses it intends to call at trial upon request of a defendant. Crim.R. 16(D) requires a party to a criminal case to disclose additional material as it becomes available.

---

1. For a judge to sentence a defendant pursuant to R.C. 2925.03(C)(1)(a), the prosecution must prove that the alleged transaction took place "within one thousand feet of the boundaries of any school premises."

2. The testimony was that of Officer Steven Blackburn and Detective Steven Patrick Snyder of the Lima Police Department.

Crim.R. 16(E) permits a court to impose sanctions upon a party not complying with the discovery rules, including granting a continuance, excluding evidence which was required to be disclosed to the opposing party, or any other order the trial court deems just under the circumstances.

Under the circumstances of the matter *sub judice*, we find that the trial court did not abuse its discretion in permitting Lender to testify. First, she was called by the prosecutor to rebut the challenge of defense counsel concerning ownership and boundaries of the school premises, which may not have been, and probably was not, anticipated by the prosecution prior to trial. Second, the fact that defense counsel did not, but could have, requested a continuance to voir dire the witness suggests that appellant suffered no prejudice as a result of Lender's testimony. In the absence of such a request, the trial court could properly conclude that defense counsel was prepared to go forward. See *State v. Edwards* (1976), 49 Ohio St.2d 31, 3 O.O.3d 18, 358 N.E.2d 1051; *State v. Messenger* (1976), 49 Ohio App.2d 341, 3 O.O.3d 416, 361 N.E.2d 465. Finally, appellant failed to demonstrate any prejudice at the time of Lender's testimony to the trial court, and he has not yet stated any way in which he was prejudiced by the court's allowing Lender to testify. For the above stated reasons, this assignment of error is overruled.

### Assignment of Error No. 4

"The trial court erred in its allowing the hearsay testimony as to the distance of the school from the alleged sales."

Appellant argues that the prosecution sought to prove the boundaries of the school premises by using the hearsay testimony of Detective Steven Snyder. Although appellant never states in his brief what specific remark he considers to be hearsay, contrary to App.R. 16(D), we assume that his generic reference to the fact that the "boundaries" of the school premises were never established refers to the fact that Detective Snyder's measuring of the property was hearsay. We disagree with appellant.

"Hearsay" is defined in Evid.R. 801, which states:

"(A) *Statement.* A 'statement' is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by him as an assertion.

"(B) *Declarant.* A 'declarant' is a person who makes a statement.

"(C) *Hearsay.* 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

Pursuant to the definition of hearsay, hearsay must first be an out-of-court statement. Herein, there is no out-of-court statement as there was no assertive conduct or oral or written declaration made to Detective Snyder. Moreover, a "declarant" must make an out-of-court statement. Evid.R. 801(B) requires that a declarant be a *person*. Furthermore, the rule prohibiting hearsay evidence is based upon "unreliability of such evidence and the impossibility of cross-examination." *Mikula v. Balogh* (1965), 9 Ohio App.2d 250, 38 O.O.2d 311, 224 N.E.2d 148. Herein, appellant had ample opportunity to cross-examine Detective Snyder and declined to do so. Therefore, Detective Snyder's measuring of the distance between the school premises and the place of the alleged transaction was not a statement and did not involve a declarant, pursuant to the definition of hearsay in Evid.R. 801; thus, it is not hearsay and its admission on this basis was not error.

For this reason, this assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

EVANS, J., concurs.

SHAW, J., concurs separately.

SHAW, Judge, concurring separately.

I concur entirely with the disposition of the first three assignments of error. I also concur in the result reached in the fourth assignment of error but for different reasons.

In this case, the officers testified, in essence, that they took measurements from the "property lines" of schools or from "school property." However, these measurements were in fact taken from where the officers believed those boundary lines to be. Although the prosecution attempted to establish through additional testimony exactly where the property lines were, there is no testimony to establish whether the actual lines coincided with where the officers believed them to be in commencing their measurements. Clearly, the prosecution was attempting to use the officers' prior conduct in measuring from the "property lines" where they believed them to be, as assertive of the true location of those school boundaries.

The trial judge recognized this as a hearsay problem and properly sustained each objection made on those grounds during trial. However, at the conclusion of the state's case, the judge set forth his own rationale for the admission of this testimony as follows:

"The Court finds that * * * the question of fact is that [Officer Snyder and Officer Blackburn] are both familiar with the schools, they both have taken

reports from there and have investigations from there.  * * * The court at that point feels it is a jury question as to whether the officers' testimony [is] to be believed and if the defendant has evidence to the contrary then, evidence may be submitted on that."

I concur with the analysis of the trial judge.  Once any testimony is properly introduced as to the distance to the school boundaries, the issue becomes one of fact for the jury to determine upon the weight of the evidence.  On appeal, our inquiry on this issue is limited to whether after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found those distances proven beyond a reasonable doubt.  See *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, syllabus.

Absent any other evidence in the record to contradict the officers' testimony that the drug transaction occurred within one thousand feet of a school boundary, the jury verdict cannot be against the weight of the evidence on that issue and the fourth assignment of error must be overruled pursuant to *Jenks, supra.*