OPINION
Plaintiffs-appellants, Patricia S. and Jack I. Hope, appeal the jury verdict in their personal injury and loss of consortium suit against defendant-appellee, Adam D. Shiveley. Wesua sponte remove this appeal from the accelerated calendar.
This case is the classic example of when an attorney is necessary. On August 5, 1998, Patricia and Adam were involved in an automobile accident on State Route 32 in Clermont County, Ohio, caused by Adam's failure to yield. Following the accident, Patricia was examined at Mercy Hospital and released. On September 24, 1998, Patricia filed a pro se complaint against Adam and his parents. Adams' parents filed a motion to dismiss them from the action. The Hopes added the Shiveleys' insurance carrier, Grange Mutual Insurance Company, as a defendant. Grange immediately filed a motion to dismiss. The trial court granted the motions to dismiss, and Patricia's suit proceeded only against Adam. On October 1, 1999, Jack, Patricia's husband, was added as a plaintiff, alleging a loss of consortium.
A jury trial was held on February 3, 2000. Patricia and Jack testified and represented themselves. They also presented Steve Haag, a friend and car dealer, as a witness in support of their property damage claim. Patricia was not permitted to introduce medical records into evidence because they were not authenticated. Nor was she permitted to testify as to what her doctor told her about her injuries. The jury returned a verdict of $13,500 for the Hopes. The jury interrogatory indicates that the jury awarded $205 for reasonable emergency medical expenses, $500 for Patricia's pain and suffering, and $12,500 for property damage. The Hopes appeal, raising two assignments of error.
Assignment of Error No. 1:
THE COURT ERRED IN NOT PERMITTING MRS. HOPE TO FULLY TESTIFY ABOUT THE EXTENT OF HER INJURIES.
 In their first assignment of error, the Hopes contend that the trial court should have allowed Patricia to introduce medical records and testify as to statements by her treating physician.
A trial court retains discretion in the admission or exclusion of evidence. Evid.R. 104(A); State v. Heinish (1990), 50 Ohio St.3d 231,239. The general requirements for the authentication or identification of evidence are provided in Evid.R. 901:
 (A) General provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
 (B) Illustrations. By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:
* * *
 (10) Methods provided by statute or rule. Any method of authentication or identification provided by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio or by other rules prescribed by the Supreme Court.
 The authentication of hospital and medical records is governed by R.C. 2317.422:
 (A) Notwithstanding sections 2317.40 and 2317.41 of the Revised Code but subject to division (B) of this section, the records, or copies or photographs of the records, of a hospital, * * * in lieu of the testimony in open court of their custodian, person who made them, or person under whose supervision they were made, may be qualified as authentic evidence if any such person endorses thereon his verified certification identifying such records, giving the mode and time of their preparation, and stating that they were prepared in the usual course of the business of the institution. Such records, copies, or photographs may not be qualified by certification as provided in this section unless the party intending to offer them delivers a copy of them, or of their relevant portions, to the attorney of record for each adverse party not less than five days before trial. Nothing in this section shall be construed to limit the right of any party to call the custodian, person who made such records, or person under whose supervision they were made, as a witness.
 Under R.C. 2317.422(A), it is not necessary that the custodian of records appear in court to testify as to the records' authenticity. Rather, the records may be accompanied by a certificate from the records' custodian attesting to authenticity. However, some showing of authenticity must be made. Dellenbach v. Robinson (1993), 95 Ohio App.3d 358, 367, appeal dismissed (1994), 70 Ohio St.3d 1219; Hunt v. Mayfield
(1989), 65 Ohio App.3d 349, 353.
Patricia sought to introduce copies of her medical records without any demonstration that the medical records were authentic. While she was not required to present in person the custodian of these records to prove their authenticity, she was required to at least provide the court with a certificate from such custodian attesting to the records' authenticity. Without the authentication required by R.C. 2317.422(A), the trial court properly excluded the records at trial.
As to Patricia's attempt to testify as to statements from her treating physician, such statements were properly excluded hearsay.
Evid.R. 801(C) defines "hearsay:"
 "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.
 The rule prohibiting hearsay, Evid.R. 802, is based upon the unreliability of hearsay evidence and the impossibility of cross- examination. State v. Armstead (1993), 85 Ohio App.3d 247, 253. If the statement is offered to prove the truth of the matter asserted in the statement, and the statement does not fall into any of the exceptions to the rule against hearsay, Evid.R. 803 and 804, the statement must be excluded from evidence. Evid.R. 802; State v. Carter (1995), 72 Ohio St.3d 545, 549, certiorari denied, 516 U.S. 1014, 116 S.Ct. 575.
Patricia sought to testify as to what her treating physician told her about her injuries. She sought to use this testimony to prove that she was injured and to prove the extent of her injuries. Clearly, she was presenting this testimony for the truth of the matter asserted, making this testimony excludable hearsay. To present such testimony, Patricia needed to present her treating physician to testify as to his personal observations and medical conclusions.
The trial court properly excluded both the offered medical records and Patricia's offered testimony. The first assignment of error is overruled.
Assignment of Error No. 2:
THE COURT ERRED IN PERMITTING THE DEFENSE ATTORNEY TO TELL THE JURY THAT NO INJURIES WERE CAUSED BY THE ACCIDENT.
 In their second assignment of error, the Hopes contend that the trial court should not have allowed Adam's attorney to state to the jury that the police report made of the accident showed that Patricia suffered no injuries in the accident. They argue that such a statement was inconsistent with the facts.
We first note that the Hopes were the party to introduce the police report into evidence, thus allowing it to be commented upon. The conflict between the police report, which Adam's attorney argued indicated that no injuries occurred in the accident, and the evidence at trial, which showed that Patricia was injured, was a disputed question of fact to be resolved by the jury. The jury was presented the Hopes' testimony that Patricia was, in fact, injured and apparently agreed, awarding Patricia $205 in medical expenses and $500 for pain and suffering.
The trial court did not err by allowing Adam's attorney to refer to the police report. The second assignment of error is overruled.
WALSH and VALEN, JJ., concur.