**SAWCHYN, Appellant,**

v.

**WESTERHAUS, Appellee.**

[Cite as *Sawchyn v. Westerhaus* (1991), 72 Ohio App.3d 25.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 59214.

Decided Jan. 4, 1991.

**26**

*Ivan Sawchyn, pro se.*

*Michael Westerhaus, pro se,* for appellee.

*Per Curiam.*

In order to fully understand the appeal *sub judice* it is helpful to review the prior history which led to the present appeal. Ivan Sawchyn et al. was sued in the Cuyahoga County Court of Common Pleas, case No. 94589. The suit alleged Sawchyn held a mortgage on an apartment building in which a child suffered lead poisoning which was caused by the consumption of paint chips. The suit prayed for $10,000,000 in compensatory damages and $10,000,000 in punitive damages. Sawchyn was insured; however, the insurance had a $1,000,000 limit on the compensatory damages and contained no provision to provide any coverage for the punitive damages. Sawchyn's insurance carrier represented him in case No. 94589 concerning the claim for compensatory damages. However, Sawchyn was advised by the insurance carrier to retain separate counsel on the claim for punitive damages. Thereafter, Sawchyn hired attorney Michael Westerhaus to represent him on the punitive damages claim.

The case proceeded to trial by jury, after which Sawchyn was found to be jointly liable in the amount of $30,000 in compensatory damages. This was covered by his insurance; however, Sawchyn was also found to be liable for $216,000 in uncovered punitive damages. Sawchyn filed a timely notice appeal. The appeals and cross-appeals from C.P. No. 94589 were given case Nos. 55322, 55406 and 55445 in the Eighth District Court of Appeals (the trial and subsequent appeal are hereinafter referred to as the "original action").

While the appeal in the original action was pending, Sawchyn, as a plaintiff, filed a *pro se* complaint in the Cuyahoga County Court of Common Pleas, case No. 154056, against his former attorney, Michael Westerhaus, who was retained by Sawchyn to represent him in the punitive damages claim. The complaint alleged Westerhaus's legal representation of Sawchyn in C.P. No.

94589 was negligent and amounted to legal malpractice. The basis of plaintiff Sawchyn's complaint was that defendant Westerhaus failed to enter into settlement negotiations and achieve a settlement before C.P. No. 94589 came to trial which would have protected Sawchyn from liability on the punitive damage claim.

Subsequently a journal entry was entered in the original action in the court of appeals, which revealed the following:

"Now come all the parties and hereby jointly dismiss all appeals and cross-appeals pending in the court of appeals Case Nos. 55322, 55406 and 55445."

Thereafter, both plaintiff Sawchyn and defendant Westerhaus filed motions for summary judgment with the trial court in the malpractice action, case No. 154056. Both motions for summary judgment were denied. The trial court's journal entry noted defendant Westerhaus's motion for summary judgment was denied for failure to provide evidence with respect to the status of the appeal in the original action which gave rise to the legal malpractice claim. Defendant responded by filing a motion to supplement, which revealed that all parties had dismissed their appeals and cross-appeals of the original action prior to the appeal being heard as indicated in the above journal entry. The trial court treated this as a motion for reconsideration and granted defendant's motion for summary judgment in case No. 154056. Plaintiff Sawchyn filed a motion for findings of fact and conclusions of law, which was denied. Plaintiff Sawchyn then filed a timely notice of appeal from the trial court's grant of summary judgment to defendant which represents the appeal *sub judice.*

Sawchyn's first and fourth assignments of error follow:

"I. The trial court erred in reversing it's [*sic*] ruling of Sept. 15, 1989 denying the defednant's [*sic*] motion for summary judgement [*sic*] and then reversing itself on Jan. 22, 1990 and granting the defendant's motion for reconsideration."

"IV. The trial court erred in denying the plaintiff a trial by jury as demanded and as assured by the U.S. Constitution and Civil Rule 38."

Plaintiff Sawchyn's first and fourth assignments of error lack merit.

Sawchyn contends the trial court erred in granting summary judgment. Sawchyn argues his settlement of the appeal in the original action did not waive his malpractice claim. Sawchyn's argument is unpersuasive.

Summary judgment is appropriate when the following factors have been established:

" '  *  *  * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that

reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.' *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. See, also, Civ.R. 56(C); and *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274." *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 884.

In the case *sub judice*, Sawchyn's claim is based upon defendant's alleged failure to settle the original claim against him for punitive damages. However, the Ohio Supreme Court previously has held as follows:

"This court stated in paragraph one of the syllabus in *Richard v. Hunter* (1949), 151 Ohio St. 185 [39 O.O. 24, 85 N.E.2d 109], that '[e]xemplary or punitive damages may not be awarded in the absence of proof of actual damages.' This position was recently upheld in *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77 [10 OBR 408, 461 N.E.2d 1273], where the court states at 82 [10 OBR at 413, 461 N.E.2d at 1278]: ' * * * [W]e believe that punitive damages are highly irregular absent proof of any actual damages.' "

*Bishop v. Grdina* (1985), 20 Ohio St.3d 26, 27, 20 OBR 213, 214, 485 N.E.2d 704, 705. Therefore, in the original action, although defendant was representing Sawchyn on the punitive damage issue, there was no liability to Sawchyn for punitive damages until actual or compensatory damages had been proved. Prior to trial, it is difficult to conceive why punitive damages would be settled before a settlement was reached on compensatory damages. Obviously no settlement was reached between plaintiff and the insurance carrier on compensatory damages in the original action; hence, the case went to trial.

Furthermore, once the jury verdict was returned against Sawchyn in the original action, Sawchyn filed an appeal. However, at that point, rather than permitting the appellate court the opportunity to correct errors, if any, made by the trial court, Sawchyn elected to settle the case. Perhaps on appeal the punitive damages may have been reversed or eliminated entirely. In any event, the opportunity to even raise such alleged errors in the appellate court was eliminated. These errors, if any, would clearly impact on the value of damages for which Sawchyn now hopes to hold defendant Westerhaus liable. In addition, Sawchyn's complaint states defendant failed to enter into settlement discussions for punitive damages prior to trial and this serves as the basis for Sawchyn's malpractice claim. However, Sawchyn's subsequent settlement of the original action on appeal would make it impossible to calculate the value of punitive damages, if any, that would have been determined on appeal in the original action.

In effect, Sawchyn's malpractice claim as stated is so intertwined with the settlement which was entered in the original action that the two causes of action, although distinct, can not be viewed independently. The Ohio Supreme Court previously stated as follows:

" 'It is common sense that the law favors "the prevention of litigation, by the compromise and settlement of controversies." ' *State, ex rel. Wright, v. Weyandt* (1977), 50 Ohio St.2d 194, 197 [4 O.O.3d 383, 385, 363 N.E.2d 1387, 1389], quoting *White v. Brocaw* (1863), 14 Ohio St. 339, 346; and *Shallenberger v. Motorists Mut. Ins. Co.* (1958), 167 Ohio St. 494, 505 [5 O.O.2d 173, 180, 150 N.E.2d 295, 302]. Such settlement extinguishes or merges the original rights or claims and correlative obligations and, where the agreement is executory, substitutes for the original claim the new rights and obligations agreed to. See, *e.g.*, 15 Ohio Jurisprudence 3d (1979) 525–526, Compromise, Accord and Release, Section 13." *Bd. of Commrs. of Columbiana Cty. v. Samuelson* (1983), 24 Ohio St.3d 62, 63, 24 OBR 142, 143, 493 N.E.2d 245, 247.

In the case *sub judice*, Sawchyn's settlement of the original action prior to completion on appeal has extinguished his rights to hold defendant liable and shields defendant from a subsequent malpractice action. Hence, Sawchyn has waived his claim in the malpractice action against defendant Westerhaus.

The facts *sub judice* are not in dispute. When viewing the evidence in a light most favorable to Sawchyn, defendant was entitled to summary judgment. Therefore, the trial court's granting of defendant's motion for summary judgment was proper.

Accordingly, Sawchyn's first and fourth assignments of error are not well taken and are overruled.

Sawchyn's second and third assignments of error follow:

"II. The trial court erred when ruling on Jan. 31, 1990 that it was denying the plaintiff's motion filed on Jan. 22, 1990 for 'findings of fact & conclusion of law.' "

"III. The trial court erred by abusing itself [*sic*] with the abuse of process conclusion that the plaintiff has made. If there were any law or legal conclusion for granting summary judgment, the trial court was legally bound to furnish a findings of fact & conclusion of law as requested by the plaintiff by motion of Jan. 22, 1990. The refusal to so do by the trial judge Patricia A. Cleary only arouses suspicions of irregular motivations on the part of [*sic*] the plaintiff."

Plaintiff Sawchyn's second and third assignments of error lack merit.

Sawchyn contends the trial court erred by its denial of his request for findings of fact and conclusions of law. Sawchyn's argument is unpersuasive.

Civ.R. 52 specifically provides in relevant part as follows:

"Findings of fact and conclusions of law required by this rule and by Rule 41(B)(2) are unnecessary upon all other motions including those pursuant to Rule 12, Rule 55 and *Rule 56*." (Emphasis added.)

In the case *sub judice*, defendant was granted summary judgment pursuant to Civ.R. 56. Therefore, it was unnecessary for the court to issue findings of fact and conclusions of law.

Accordingly, Sawchyn's second and third assignments of error are not well taken and are overruled.

*Judgment affirmed.*

KRUPANSKY, P.J., and MATIA, J., concur.

PARRINO, J., dissents.

THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, sitting by assignment.

PARRINO, Judge, dissenting.

I accept the statement of the history of this appeal as recited in the majority opinion prior to its determination of appellant's assignments of error.

Sawchyn appealed the judgment entered against him in the court of common pleas in case No. 94589. The appeals and cross-appeals emanating from that judgment were jointly dismissed by all parties in the following dismissal entry:

"Now come all the parties and hereby jointly dismiss all appeals and cross-appeals pending in the Court of Appeals Case Nos. 55322, 55406 and 55445."

All that the appellate record in the case *sub judice* discloses is that there was a "Joint Dismissal of Appeals." Nowhere in this joint dismissal entry is there any reference to the then-pending malpractice action filed by Sawchyn against Westerhaus in the court of common pleas in case No. 154056. There is nothing in the record of the appeal in the case *sub judice* to show that appellant's malpractice action against appellee was settled. The specific terms of the "Joint Dismissal of Appeals" are not contained in the record of the appeal before us.

The trial court in C.P. case No. 154056 first denied appellee's motion for summary judgment. Thereafter upon the filing of appellee's motion for reconsideration to which the "Joint Dismissal of All Appeals" entry was attached, the court granted appellee's motion for summary judgment.

It is clear that the determination of the merits of a judgment on appeal must be made by an appellate court upon consideration of the assignments of error contained in the briefs, the record and the oral arguments.  App.R. 12(A).

Since there is nothing in the record of the case *sub judice* to show that the appellant settled his malpractice case against appellee in case No. 154056, I must conclude that the trial court erred in its entry of summary judgment in favor of appellee.

In his complaint appellant contends that he hired appellee to represent him on the punitive damages claim made against appellant and that appellee negligently failed to protect appellant on that claim.  It is our role to determine whether appellant has stated a cause of action against appellee in his complaint.  I think he has.  At this time, however, it is not our role to determine the merit of appellant's claim.  I do not believe that the trial court was justified in granting appellee's motion for summary judgment on the basis of the joint dismissal entry and other material submitted by appellee in support of his motion.

For these reasons I must respectfully dissent from the majority's determination of appellant's first and fourth assignments of error.  I would reverse and remand this cause to the trial court for further proceedings according to law.