**ESTATE OF CALLAHAN et al., Appellees,**

v.

**ALLEN, Appellant, et al.**

[Cite as *Estate of Callahan v. Allen* (1994), 97 Ohio App.3d 749.]

Court of Appeals of Ohio,
Lawrence County.

No. 93CA31.

Decided Sept. 28, 1994.

*Luper, Wolinetz, Sheriff & Neidenthal, Stanley L. Myers* and *Craig R. Carlson,* for appellees.

*David N. McCown,* for appellant.

---

HARSHA, Presiding Judge.

Craig A. Allen appeals from a judgment of the Lawrence County Court of Common Pleas, assigning six errors:

"I. The court erred in assessing liability on the attorney for the acts of the C.P.A. employed by the executors of the estate.

"II. The court erred in failing to direct a verdict for defendant where plaintiff failed to establish standards of practice for attorneys similarly situated.

"III. The court erred in assessing liability for negligence for the cause of loss to the estate.

"IV. The court erred in failing to require mitigation of damages.

"V. The court erred in assessing damages for alleged loss not in evidence.

"VI. The court erred in determining that the statute of limitations had not expired."

Dennis J. Callahan died intestate on October 25, 1986, with his wife, three children and four grandchildren surviving him. Appellant was retained to handle the probate of the estate. On advice of appellant, the estate also retained Edward Rambacher, a certified public accountant, to handle the estate's tax matters. Rambacher, in consultation with appellant, determined that if the decedent's children disclaimed sixty percent of the inheritance they would receive under Ohio's intestate succession law, R.C. 2105.06, the estate could increase the marital deduction allowed under Section 2056(a), Title 26, U.S.Code, thereby reducing the federal estate tax liability to zero. The testimony at trial indicated that Mr. Rambacher prepared the children's disclaimers based upon forms he found in a practice manual after asking appellant which names to use to fill in the blanks. The disclaimers contained language directing the disclaimed property to the decedent's spouse, based upon appellant's reading of R.C. 2105.06.

On May 18, 1989, the Internal Revenue Service ("IRS") denied the marital deduction claimed by the estate in the decedent's federal estate tax return. The IRS determined that the disclaimers were not qualified disclaimers under Inter-

nal Revenue Code Section 2518. The IRS stated that the language directing the property to decedent's spouse expressly violated Section 2518(B)(4), Title 26, U.S.Code, by directing property to a person who would not receive the property under Ohio law.[1] The IRS then assessed an estate tax of about $151,000. Appellant referred the estate to Cors & Bassett, a Cincinnati law firm which handled tax appeals. The estate retained Frank Diedrick of Cors & Bassett, who advised the estate to settle the dispute with the IRS by agreeing to pay $116,646.44 in taxes. The estate also paid $49,854.19 in interest and a $322 penalty to the IRS. In addition, because the estate was not entitled to the marital deduction, it had to pay Florida estate tax of $11,041.79 and Ohio tax of $1,770.11 plus $643.64 in interest.

On February 19, 1991, appellee filed a complaint against appellant and another attorney, David Payne, alleging legal malpractice. The trial court granted Payne's motion for summary judgment. Appellant also filed a motion for summary judgment, arguing in part that appellee's cause of action was barred by the statute of limitations and that appellee waived any action against him by settling the dispute with the IRS without appeal. The trial court overruled appellant's motion for summary judgment. In its entry, the trial court found that appellee's settlement with the IRS and its malpractice suit against appellant were not inconsistent and thus appellee was not estopped from bringing the malpractice action. Appellant then filed a third-party complaint against Rambacher for contribution and indemnity. The trial court subsequently granted Rambacher's motion for summary judgment. Following a bench trial, the trial court entered judgment for appellee in the amount of $180,279.57. By entry filed August 27, 1993, the trial court adopted appellee's proposed findings of fact.

 We first consider appellant's argument that appellee waived any claim

---

1. Section 2518, Title 26, U.S.Code provides in pertinent part:

"(b) Qualified disclaimer defined.—For purposes of subsection (a), the term 'qualified disclaimer' means an irrevocable and unqualified refusal by a person to accept an interest in property but only if—

"(1) such refusal is in writing,

"(2) such writing is received by the transferor of the interest, his legal representative, or the holder of the legal title to the property to which the interest relates not later than the date which is 9 months after the later of—

"(A) the day on which the transfer creating the interest in such person is made, or

"(B) the day on which such person attains age 21,

"(3) such person has not accepted the interest or any of its benefits, and

"(4) *as a result of such refusal, the interest passes without any direction on the part of the person making the disclaimer* and passes either—

"(A) to the spouse of the decedent, or

"(B) to a person other than the person making the disclaimer." (Emphasis added.)

of legal malpractice by failing to appeal the IRS ruling.[2] To establish a cause of action for legal malpractice, the client must establish (1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach. *Montgomery v. Everett* (1991), 74 Ohio App.3d 616, 619, 600 N.E.2d 256, 257–258, citing *Krahn v. Kinney* (1989), 43 Ohio St.3d 103, 105, 538 N.E.2d 1058, 1060–1061; *Frey v. Stegall* (May 2, 1994), Athens App. No. 93CA1586, unreported, at 8, 1994 WL 170845. In addition, to prove proximate cause, the client generally must show that the client would have prevailed in the original action but for the attorney's negligence. *Rinehart v. Maiorano* (1991), 76 Ohio App.3d 413, 419, 602 N.E.2d 340, 344–345; *Nelson v. Taoka* (1992), 82 Ohio App.3d 101, 105–106, 611 N.E.2d 462, 465–466.

In this case, the IRS disallowed the marital deduction claimed by the estate. Instead of appealing, upon the advice of Diedrick, appellee settled the case with the IRS, agreeing not to appeal in exchange for reducing the claimed tax liability. Diedrick advised appellee to settle the case, stating that he believed appellee had only a fifty-fifty chance of winning on appeal. At trial, appellee presented testimony of an attorney who practiced in tax appeals, who stated he believed taxpayers prevail in tax appeals only about thirty percent of the time. He further stated that he believed it was appropriate for appellee to settle the dispute because the facts of the case indicated that he had a very small chance of prevailing and the estate would do better to pay the reduced tax and forgo an appeal. However, because appellee did not appeal, there was no definitive ruling on whether the children's disclaimers, in conjunction with the grandchildren's disclaimers prepared by Cors & Bassett, were qualified to allow part of the children's inheritance to pass to decedent's spouse, thereby increasing the marital deduction. On appeal, the tax board could have decided that the direction language in the disclaimers was precatory in nature, such that the disclaimers satisfied the legal requirements of Section 2518, Title 26, U.S.Code.[3] Accordingly, appellee waived any claim of malpractice relating to handling the estate's tax

---

2. Upon oral argument, the parties were directed to brief this issue as a separate assignment of error.

3. Our reading of that statute indicates that Section 2518, Title 26, U.S.Code does not specifically prohibit the use of direction language, but instead states that a qualified disclaimer allows the disclaimed property to pass to another without the use of direction language. Under Ohio's descent and distribution statute, the property disclaimed by the children passed to the decedent's grandchildren and not his surviving spouse. Thus, the real problem with the disclaimers executed under direction of appellant and Rambacher was that, without qualified disclaimers executed by the grandchildren, the property did not pass to the surviving spouse and thus did not entitle the estate to the marital deduction allowed by Section 2056(a), Title 26, U.S.Code. Disclaimers were later executed on behalf of the grandchildren under the direction of Cors & Bassett. We note that some testimony in the record suggests that the grandchildren's disclaimers may not have been properly executed.

matters. See *Sawchyn v. Westerhaus* (1991), 72 Ohio App.3d 25, 29, 593 N.E.2d 420, 422–423.

*Judgment reversed*
*and cause remanded.*

STEPHENSON and GREY, JJ., concur.