E.B.P., INC., d.b.a. Epic Steel, Appellant,

v.

COZZA & STEUER et al., Appellees.

[Cite as *E.B.P., Inc. v. Cozza & Steuer* (1997), 119 Ohio App.3d 177.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70397.

Decided April 14, 1997.

*Carol B. Adelstein,* for appellant.

*Cozza & Steuer, Robert C. Wentz* and *John T. Price,* for appellees.

---

PATRICIA ANN BLACKMON, Presiding Judge.

E.B.P., Inc. appeals a decision from the trial court granting summary judgment in favor of Cozza & Steuer et al. on E.B.P.'s legal malpractice claim. E.B.P. assigns the following four errors for our review:

"I. The trial court erred to the prejudice of the appellant by denying its motion to amend its response to the first set of admissions.

"II. The trial court erred to the prejudice of the appellant by determining issues of credibility in deciding on the merits of the appellees' motion for summary judgment.

"III. The trial court erred to the prejudice of the appellant because the appellant's claims of legal malpractice were not barred by the applicable statute of limitations.

"IV. The trial court erred to the prejudice of the appellant because the reversal of the trial court's decision by this court does not absolve the appellees of legal malpractice."

After reviewing the record and the arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.

E.B.P., Inc., d.b.a. Epic Steel, hired the law firm of Cozza & Steuer to represent the company in the defense of an action filed by one of its former employees, Catherine Czubaj. Czubaj named as defendants Epic Steel, Neff Fremont (founder and president of Epic Steel), and Neff's son, Gary Fremont (vice president and corporate treasurer of Epic Steel). Gary Fremont was Czubaj's immediate supervisor.

Czubaj's action alleged age discrimination and intentional infliction of emotional distress. The intentional tort claim named only Epic Steel and Gary Fremont as culpable parties. (This according to the court of appeals' opinion, *Czubaj v. E.B.P., Inc.* [Oct. 12, 1995], Cuyahoga App. No. 65517, unreported, at 9, 1995 WL 601201.) The jury denied Czubaj's age-discrimination claim but found in favor of Czubaj on the claim of intentional infliction of emotional distress. Czubaj was awarded damages of $31,275 against Gary Fremont, her direct supervisor at Epic Steel, and $177,225 against Epic Steel.

On March 31, 1993, Cozza & Steuer filed a motion for judgment notwithstanding the verdict in the Czubaj case. The trial court denied the motion and reduced the jury verdict to judgment on May 3, 1993.

On May 12, 1993, a notice of appeal was filed in the *Czubaj* case by David Horvath, an associate at Cozza & Steuer. On July 6, 1993, Kevin Young and Josh Friedman of Benesch, Friedlander, Coplan & Arnoff ("BFCA") filed a notice of appearance as co-counsel for Epic Steel and Gary Fremont. On March 10, 1995, while the appeal was pending, Epic Steel entered into a settlement agreement with Czubaj. This court reversed the trial court's decision in the *Czubaj* case. *Czubaj v. E.B.P., Inc.* (Oct. 12, 1995), Cuyahoga App. No. 65517, unreported, 1995 WL 601201.

On February 10, 1995, E.B.P. filed the instant legal malpractice action against Cozza & Steuer and its member attorneys, Arlene Steuer, Daniel Horvath, and John Price. The complaint alleged that "defendants individually, jointly, and/or severally negligently failed to exercise due care in their representation of E.B.P., Inc. by *inter alia* negligently failing to depose plaintiff's experts prior to trial, prepare proper jury instructions and interrogatories, object to improper testimony, jury instructions and interrogatories, secure expert witnesses on behalf of E.B.P., Inc. and raise appropriate objections to the verdict in postverdict motions."

E.B.P. alleged that it had been damaged in the amount of $500,000 (the value of the judgment obtained against E.B.P. by Czubaj), the cost and expense of the bankruptcy filing, punitive damages, attorney fees, and costs. Cozza & Steuer

answered the complaint and alleged that the complaint failed to state a claim upon which relief could be granted. It also asserted the lack of proximate cause and that the claim was barred by the statute of limitations and by laches.

On March 10, 1995, Cozza & Steuer filed notice of service of a request for admissions upon E.B.P., Inc. E.B.P. filed notice of service of its answers to the request on May 11, 1995. On September 15, 1995, Cozza & Steuer filed its motion for summary judgment, alleging that E.B.P.'s claim was barred by the applicable statute of limitations, R.C. 2305.11(A). On October 24, 1995, Cozza & Steuer supplemented its motion for summary judgment by asking for a dismissal of the case on its merits in light of the court of appeals' reversal of the judgment in favor of Czubaj. Cozza & Steuer argued that since Epic Steel's legal position had been vindicated, the trial court could not find that Cozza & Steuer had committed legal malpractice.

On November 24, 1995, Epic Steel moved for permission to amend its responses to Cozza & Steuer's request for admissions. Epic Steel asserted that its response to Request for Admission No. 16 was incorrect. Request for Admission No. 16 read as follows:

"16. No attorney-client relationship existed between and among E.B.P. Inc., dba Epic Steel, and Cozza & Steuer, Arlene B. Steuer, David J. Horvath also referred to as Daniel J. Horvath and/or John T. Price after February 3, 1994.

"ANSWER: Admit."

Epic Steel asserted that its attorney, Rubin Guttman, had unilaterally prepared the responses to the requests for admissions without submitting them to Epic Steel for review. Epic Steel asserted that the attorney-client relationship between Epic and Cozza & Steuer lasted until December 1994. In its brief in opposition to the motion for summary judgment, Cozza & Steuer alleged that the motion to withdraw filed by Cozza & Steuer on March 9, 1994 confirmed the existence of an attorney-client relationship between the parties.

The trial court granted E.B.P.'s motion for permission to amend its responses to Cozza & Steuer's request for admissions on December 8, 1995. Cozza & Steuer filed its motion in opposition to E.B.P.'s motion to amend. On December 21, 1995, E.B.P. filed notice of service of its amended and supplemental response to Cozza & Steuer's requests for admissions. However, the trial court denied the motion on December 22, 1995.

On February 20, 1996, the trial court granted Cozza & Steuer's motion for summary judgment. We uphold the granting of summary judgment on the ground that E.B.P. failed to prove damages.

To establish its legal malpractice claim, E.B.P. had to show that there was an attorney-client relationship between E.B.P. and Cozza & Steuer that gave rise to a duty, that Cozza & Steuer breached that duty, and that E.B.P. suffered damages proximately caused by that breach. *Estate of Callahan v. Allen* (1994), 97 Ohio App.3d 749, 752, 647 N.E.2d 543, 544–545; *Treft v. Leatherman* (1991), 74 Ohio App.3d 655, 600 N.E.2d 278. Cozza & Steuer argued that E.B.P. failed to establish that E.B.P. suffered damages proximately caused by Cozza & Steuer's representation. To prove damages, E.B.P. had to show that it would have prevailed in the underlying action if not for the attorney's negligence. *Rinehart v.. Maiorano* (1991), 76 Ohio App.3d 413, 602 N.E.2d 340. Without such a showing, the legal malpractice action cannot be maintained.

On a motion for summary judgment, the nonmovant's failure to make a showing sufficient to establish the existence of an element essential to his case. and on which he will bear the burden of proof at trial must result in the entry of summary judgment in favor of the movant. *Morris v. Children's Hosp. Med. Ctr.* (1991), 73 Ohio App.3d 437, 597 N.E.2d 1110. A complete failure of proof concerning an essential element of the nonmovant's case necessarily renders ·all other facts immaterial. *Id.*

We conclude that E.B.P. failed to establish that it suffered damages proximately caused by Cozza & Steuer's representation. It is undisputed that, while the appeal was pending, E.B.P. entered into a settlement with Czubaj. In opposition to the motion for summary judgment, E.B.P. argued that it had been forced to settle the case when Czubaj filed for execution of the judgment. According to E.B.P., financial difficulties prohibited it from obtaining a supersedeas bond to stay the judgment pending appeal, and it settled the case in order to avoid impending liquidation and the total loss of the business. It argues that, but for Cozza & Steuer's negligence in preparing and submitting an improper verdict form, the jury would never have been permitted to award the $177,225 against Epic Steel but would have been limited under the *respondeat superior* theory to the amount of damages awarded against Gary Fremont.

However, a review of this court's opinion in *Czubaj v. E.B.P., Inc.* (Oct. 12, 1995), Cuyahoga App. No. 65517, unreported, 1995 WL 601201, reveals that Czubaj alleged that Epic Steel was severally liable on her claim for intentional infliction of emotional distress because Gary Fremont had committed the tort as a supervisor and was carrying out corporate policy. She also argued that Neff Fremont insisted that she prepare illegal tax returns and workers' compensation reports.

Although this court ultimately decided that the verdicts against Gary Fremont and Epic Steel for intentional infliction of emotional distress were against the

manifest weight of the evidence, we conclude that Czubaj presented enough evidence in support of her claim against Epic Steel to allow the claim to go to the jury. Accordingly, we find no merit to E.B.P.'s allegation that the verdict form created a cause of action against Epic Steel.

More significantly, the appellate court's reversal of the jury verdicts as against the manifest weight of the evidence reveals that the jury erred in finding Epic Steel liable for intentional infliction of emotional distress. The appellate court stated that it did not find "competent, credible evidence in support of the elements necessary for a claim of intentional infliction of emotional distress." Its reversal of the jury verdict demonstrated its conclusion that the jury erred in finding Epic Steel liable. Were it not for E.B.P.'s decision to settle the case before the appeal had been decided, E.B.P. would not have had to make any payment to Czubaj.

█ We do not suggest that a settlement of the underlying action always operates as a waiver of a client's malpractice claim against his attorney. A settlement entered into as a result of an attorney's exercise of reasonable judgment in handling a case bars a malpractice claim against the attorney. *DePugh v. Sladoje* (1996), 111 Ohio App.3d 675, 676 N.E.2d 1231. However, a legal malpractice claim is not barred when the attorney has acted unreasonably or has committed malpractice *per se*. *Id.* "[W]hen an attorney has made an obvious error which seriously compromises his client's claim, and a settlement is on the table * * *, the client should not be forced to forgo the settlement offer as a condition of pursuing the attorney for malpractice." *Id.* See, also, *Monastra v. D'Amore* (1996), 111 Ohio App.3d 296, 676 N.E.2d 132 (where attorney's defective representation diminishes client's ability to reach a successful settlement or to succeed at trial, the settlement of the action should not imply a waiver of client's right to file legal malpractice action against the attorney).

In this case, Cozza & Steuer did not make any error that compromised E.B.P.'s claim. The appellate court's reversal of the verdict as against the manifest weight of the evidence, its entry of judgment in favor of E.B.P., and its finding that the trial court erred in not granting E.B.P.'s motion for judgment notwithstanding the verdict demonstrate that it was the jury's error in weighing the evidence rather than any negligence by Cozza & Steuer that led to the erroneous verdict. Consequently, the losses sustained by E.B.P. are not attributable to any error by Cozza & Steuer.

Because we conclude that the trial court properly granted summary judgment, we affirm. All other issues are moot.

*Judgment affirmed.*

NAHRA and TIMOTHY E. MCMONAGLE, JJ., concur.