JOURNAL ENTRY AND OPINION
Plaintiffs-appellants appeal the granting of defendants-appellees' motion for summary judgment and the denial of plaintiffs-appellants' motion for summary judgment in this legal malpractice case.
Appellees Marvin Halpern and Marvin Halpern, Co., L.P.A. (law firm) represented appellants Angelo and Evy Vagionos (clients) in an action to enforce a cognovit judgment for a loan and stock options from Metropolis Enterprises (Metropolis I). The judgment was initially granted but later vacated following a motion for relief from judgment by Metropolis, which claimed that it was insolvent, and thus the stock options were unenforceable under R.C. 1701.35(B). Clients, the Vagionoses, received judgment for the amount of the loan, but did not receive any compensation for the stock options, which were worth $316,281. Not pursuing any discovery concerning the financial condition of Metropolis, the law firm instead accepted the affidavit of a company official concerning its insolvency.
Clients discharged their law firm on December 27, 1995 following the settlement of the cognovit case. Clients then filed suit against Metropolis for enforcement of its stock options (Metropolis II). In its answer on June 11, 1996, Metropolis raised the affirmative defense of res judicata because the stock options had been one of the subjects of the prior case. The defense of res judicata was never litigated, because Metropolis II settled.
During the discovery phase of Metropolis II, clients' new counsel deposed the president of Metropolis Enterprises, Charles Novak, on February 21, 1997. Novak testified that in 1991 he had been offered $500,000 for Metropolis the same time that Metropolis had claimed in Metropolis I that it was insolvent. On February 19, 1998 clients filed this malpractice suit against the law firm alleging it failed to conduct discovery and, as a result, they were damaged in the amount lost by the failure to redeem the stock options.
Both parties in the malpractice suit filed motions for summary judgment, and the trial court granted the law firm's. The trial court stated, plaintiffs' cause of action for legal malpractice is barred because of the plaintiffs' failure to timely file this lawsuit within the applicable one-year statute of limitations. * * * Specifically, this court finds that the assertion of the defense of res judicata on June 11, 1996 in the lawsuit of Vagianos v. Metropolis Enterprises gave rise to the cognizable event whereby the plaintiffs in this case either knew or should have known of the injury caused by the defendants. * * * Therefore, because the cognizable event occurred on June 11, 1996 and this case was not filed until February 19, 1998, plaintiffs' cause of action is barred by the statute of limitations.
For their first assignment of error, appellants state
 I. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT. THE STATUTE OF LIMITATIONS BEGAN TO RUN, AT THE EARLIEST, ON FEBRUARY 21, 1997, NOT ON THE EARLIER DATE THAT METROPOLIS ENTERPRISES, INC. FILED ITS PLEADING RAISING THE RES JUDICATA DEFENSE.
A. Statute of Limitations
The trial court ruled that the cognizable event which triggered the running of the one-year statute of limitations for legal malpractice occurred on June 10, 1996, when Metropolis filed its answer, which included res judicata as an affirmative defense. The court therefore concluded that clients' February 19, 1998 complaint was barred by the statute of limitations.
Under R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or omission and the client is put on notice of a need to pursue his possible remedies against the attorney, or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later. Zimmie v. Calfee, Halter Griswold (1989), 43 Ohio St.3d 54, syllabus. In Wozniak v. Tonidandel (1997), 121 Ohio App.3d 221, the court observed:
 A "cognizable event" is an event sufficient to alert a reasonable person that in the course of legal representation his attorney committed an improper act. Spencer v. McGill (1993), 87 Ohio App.3d 267. A cognizable event can occur when the client learns of an adverse decision during litigation. See, generally, McDade v. Spencer (1991), 75 Ohio App.3d 639 (cognizable event when plaintiff was cited for contempt for failing to comply with a settlement agreement); Cutcher v. Chapman(1991), 72 Ohio App.3d 265 (cognizable event when trial granted summary judgment on statute of limitations grounds); Lowe v. Cassidy (Nov. 3, 1994), Franklin App. No. 94APE06-784, unreported, 1994 WL 612376 (cognizable event when jury returned an adverse jury verdict).
Id. at 226. In Wozniak, the cognizable event occurred when the probate jury returned an adverse verdict.
The burden was on the law firm to identify the date of a cognizable event. In the instant case, the law firm maintains the cognizable event occurred on June 10, 1996 when Metropolis filed its answer asserting the affirmative defense of res judicata. We do not find this argument persuasive, because the mere assertion of a defense does not establish that the defense has any merit, much less that counsel's substandard representation is responsible for the availability of the defense. If the defense were ultimately rejected, there surely would be no reason to treat its mere assertion as a cognizable event. To rule otherwise would result in a flood of unnecessary complaints filed by clients who, in order to preserve their right to file, felt compelled to sue their former attorneys every time an affirmative defense suggested the possibility of malpractice. A possibility or remote chance is not equivalent to a cognizable event.
Had there been an actual adverse ruling on the basis of res judicata, that adverse ruling might have constituted a cognizable event. Here, however, there was no ruling; there was only the mere assertion of a possible defense. Indeed, the law firm itself says the res judicata defense was not valid. See Defendant's Brief at 9-12. It is incongruous for it to now argue that an invalid res judicatadefense should have put the clients on notice of the need to pursue possible remedies against the law firm.
In the instant case the malpractice suit is based upon the law firm's failure to discover assets hidden by Metropolis. Because counsel had failed to discover the hidden assets, the clients entered into a settlement agreement which was deleterious to them. If the alleged fraud by Metropolis were not proven, the settlement agreement would be res judicata a defense Metropolis initially claimed in its answer. Rather than gamble on the outcome of the court's ruling on the res judicata defense, appellants cut their losses and settled the case. The alleged malpractice was the failure of law firm to conduct adequate discovery, not the action of the settlement itself. The act of settling is relevant in determining the amount of damages, not in determining the existence or absence of the malpractice itself.
In determining the cognizable event, [t]he focus should be on what the client was aware of and not an extrinsic judicial determination. Id. (Emphasis added.) Clients did not find out about the failure to perform adequate discovery until the deposition of Metropolis' president, Charles Novak, who revealed that Metropolis was solvent. The clients could not have sued for the malpractice in discovery, therefore, until the date of his disposition, February 21, 1997. The cognizable event, therefore, occurred on that date, and the malpractice suit filed on February 19, 1998 was timely.
The answer filed by Metropolis in June 1996 asserting res judicata did not constitute, therefore, a cognizable event to trigger the running of the statute of limitations. The law firm was, therefore, not entitled to summary judgment on this basis. Its remaining arguments are equally unconvincing.
B. Waiver of Legal Malpractice
The law firm alternatively argues that the clients' settlement with Metropolis operates to waive any claim for legal malpractice against it. This argument is without merit. Accepting a settlement for a reduced amount does not necessarily waive a claim for legal malpractice against the attorney whose substandard representation made settlement for the reduced amount reasonable. See, e.g., E.B.P., Inc. v. Cozza Steuer (1997), 119 Ohio App.3d 177; DePugh v. Sladohe (1996), 111 Ohio App.3d 675.
In Monastra v. D'Amore (1996), 111 Ohio App.3d 296, this court held that the client's settlement of her underlying divorce case did not waive her legal malpractice claim against her attorney. The court observed:
 If the evidence should show that Monastra's defective representation diminished D'Amore's ability to reach a successful settlement or succeed at trial, we see no reason why a waiver of that malpractice claim should be implied by reason of the settlement.
 The cases cited by Monastra to support his argument that defendant waived her legal malpractice claim are not persuasive. In Sawchyn v. Westerhaus (1991), 72 Ohio App.3d 25, and Estate of Callahan v. Allen (1994), 97 Ohio App.3d 749, the settlements and malpractice claims were so intertwined that they could not exist separately. In Sawchyn the legal malpractice claim against the attorney was for failure to settle the original claim for punitive damages against the client. Since the matter was eventually settled on appeal without determining if the trial court's award of punitive damages should be reversed or reduced, this court held that "subsequent settlement of the original action on appeal would make it impossible to calculate the value of punitive damages, if any, that would have been determined on appeal in the original action." Sawchyn at 28.
 In Estate of Callahan the malpractice claim was based on the attorney's alleged violation of the Internal Revenue Service Code. Since the plaintiff settled with the IRS without determining whether the attorney had erred, the court found that the settlement had extinguished the malpractice claim.
 In this case, D'Amore claims that she never recovered the amount she should have received for temporary alimony, nor did she receive her share of the accounts she claims that her husband depleted. Therefore, the settlement with her husband did not extinguish her claim for legal malpractice as the damages are still calculable and were not extinguished by the settlement.
Monastra v. D'Amore, supra, 111 Ohio App.3d at 302.
In the instant case, law firm's alleged malpractice arguably caused the clients to accept less from Metropolis than they should have received. If clients' claims are found to be true, the court will be able to calculate the amount of damages by subtracting the amount already received from the amount specified in the original contract. Clients' settlement, therefore, does not operate as a waiver of the malpractice claim.
C. Absence of Damages
The law firm also alternatively argues the clients were not damaged by the alleged malpractice, because the clients wrongly believed the res judicata defense (that is, the cognizable event) had merit and caused them to accept a lesser sum from Metropolis. The law firm fails to show, however, that clients did not suffer any damages from its representation. As discussed above, the amount of any damages could be calculated without difficulty. There exist at least questions of fact as to whether clients were damaged by the law firm's representation. In short, the law firm did not establish its entitlement to summary judgment.
Accordingly, appellants' first assignment of error is sustained.
For their second assignment of error, appellants state
 II. THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION FOR SUMMARY JUDGMENT. APPELLEES PRESENTED NO EVIDENCE TO REFUTE THE EVIDENCE SUBMITTED BY APPELLANTS IN THEIR MOTION FOR SUMMARY JUDGMENT ABOUT THE CONDUCT OF APPELLEES IN REPRESENTING THE APPELLANTS.
This contention lacks merit.
The law firm opposed clients' motion for summary judgment by offering attorney Halpern's own affidavit asserting that he acted within the accepted standard of care and an expert's affidavit disputing that the plaintiffs suffered any damages as a proximate result of the defendants' alleged malpractice. The law firm thus showed there were genuine issues of material fact sufficiently in dispute to defeat clients' motion for summary judgment. We affirm the trial court's denial of appellant Vagianos's motion for summary judgment.
Because the trial court therefore erred in awarding appellee Halpern summary judgment, we reverse the judgment and remand this case to the trial court for further proceedings according to law.
It is ordered that appellees and appellants share equally the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J., and JOHN T. PATTON, J., CONCUR.